UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAIRO BRAVO PEDROZA,

        Plaintiff,

    v.

San Jose Police Officer PHAM, # 3759; *et al.*,

        Defendants.
_____/

No. C-12-1341 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.    INTRODUCTION

Jairo Bravo Pedroza, a California housed at the T.C.C.F. in Tutwiler, Mississippi, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

In his complaint, Pedroza alleges that he was arrested on August 17, 2007, and booked into the jail by San Jose police officer Pham. "During the booking procedure Officer Pham seized blood from [Pedroza's] arm without [his] consent." Complaint, p. 3. Pedroza alleges that the taking of blood over his objection violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.

## III.    DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

1  § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
2  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
3  monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se*
4  pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
5  (9th Cir. 1990).

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right
7  secured by the Constitution or laws of the United States was violated and (2) that the violation was
8  committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48
9  (1988).

10  The non-consensual extraction of blood implicates the Fourth Amendment's protection
11  against unreasonable searches and seizures.  *See Skinner v. Railway Labor Executives' Ass'n*, 489
12  U.S. 602, 616 (1989); *Schmerber v. California*, 384 U.S. 757, 766-72 (1966).  Giving the *pro se*
13  complaint the liberal construction to which it is entitled, the allegations of a non-consensual blood
14  draw are sufficient to state a § 1983 claim against officer Pham for a Fourth Amendment violation.

15  The complaint does not state a claim against officer Pham for a violation of any of the other
16  constitutional provisions listed therein.  The Fifth Amendment privilege against self-incrimination
17  does not prohibit the state from drawing blood from a defendant or using the results from the blood
18  draw against him.  *See Schmerber*, 384 U.S. at 761.  The Eighth Amendment prohibition of cruel
19  and unusual punishment does not apply before the person has been convicted.  *See Bell v. Wolfish*,
20  441 U.S. 520, 535 n.16 (1979).  Extracting blood from an arrestee also may amount to a due process
21  violation if done in an unreasonable manner.  *See Schmerber*, 384 U.S. at 771-72; *see*
22  *generally Rochin v. California*, 342 U.S. 165, 172 (1952).  However, it cannot be determined from
23  the complaint that a due process claim has been pled because Pedroza has not alleged the use of any
24  force, and his allegations are unclear whether the blood was drawn by a police officer or drawn by
25  medical personnel at the direction of the officer.  In his amended complaint, he may attempt to
26  allege facts showing a due process violation.

27  There are no allegations in the complaint against the other three listed defendants, *i.e.*, the
28  City of San Jose, the San Jose Police Department, or Santa Clara County.  There is no respondeat

superior liability under § 1983, *i.e.* no liability just because an entity employs a person who has violated his rights. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). However, local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell*, 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). In his amended complaint, Pedroza may attempt to allege a claim against any or all of the municipal Defendants. If no claim is alleged, the municipal Defendants will be dismissed.

## IV.   CONCLUSION

The complaint states a cognizable § 1983 claim against officer Pham for a Fourth Amendment violation. Leave to amend will be granted so that Pedroza may attempt to cure the pleading deficiencies discussed in this order in an amended complaint. The amended complaint must be filed no later than **July 13, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Pedroza is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Therefore, he must repeat his allegations against officer Pham in the amended complaint if he files an amended complaint. Failure to file the amended complaint by the deadline will result in the dismissal of all claims except the Fourth Amendment claim against officer Pham.

IT IS SO ORDERED.

Dated: June 18, 2012

_____
EDWARD M. CHEN
United States District Judge

3