**United States District Court**
For the Northern District of California

1
2
3
4
5                UNITED STATES DISTRICT COURT
6             NORTHERN DISTRICT OF CALIFORNIA
7
8 JAIRO BRAVO PEDROZA,           No. C 12-1341 JST (PR)
9        Plaintiff,
10     v.                 **ORDER FOR SERVICE OF**
                                  **PROCESS AND SCHEDULING**
11 San Jose Police Officer PHAM, # 3759;
et al.,
12
13        Defendants.
_____/
14
15      The Court earlier determined that the complaint stated a claim under 42 U.S.C. § 1983
16 against San Jose police officer Pham for a violation of plaintiff's Fourth Amendment rights,
17 and dismissed with leave to amend as to other claims and other defendants.  <u>See</u> Docket # 4.
18 Plaintiff never filed an amended complaint, and the deadline by which to do so has long
19 passed.  Accordingly, to move this action toward resolution, the Court now orders:
20     1.     The complaint states a cognizable § 1983 claim against San Jose police officer
21 Pham for a violation of plaintiff's Fourth Amendment rights.  All other defendants and
22 claims are dismissed.
23     2.     The clerk shall issue a summons and the United States Marshal shall serve,
24 without prepayment of fees, the summons, a copy of the complaint and a copy of all the
25 documents in the case file upon San Jose police officer Pham (badge # 3759).
26     3.     In order to expedite the resolution of this case, the following briefing schedule
27 for dispositive motions is set:
28

**United States District Court**
For the Northern District of California

a.　　No later than **91 days** from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion.  If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a <u>Wyatt</u> notice.  <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012).

b.　　Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than **28 days** from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.  Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c.　　Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

4.　　Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your

1  complaint says.  Instead, you must set out specific facts in declarations, depositions, answers

2  to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the

3  facts shown in the defendant's declarations and documents and show that there is a genuine

4  issue of material fact for trial.  If you do not submit your own evidence in opposition,

5  summary judgment, if appropriate, may be entered against you.  If summary judgment is

6  granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d

7  952, 962-63 (9th Cir. 1998) (en banc) (App. A).

8         Plaintiff also is advised that a motion to dismiss for failure to exhaust available

9  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit

10  without prejudice.  You must "develop a record" and present it in your opposition in order to

11  dispute any "factual record" presented by defendant in his motion to dismiss.  Wyatt v.

12  Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

13         (The Rand and Wyatt notices above do not excuse defendant's obligation to serve said

14  notices again concurrently with motions to dismiss for failure to exhaust available

15  administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 939).

16     5.     All communications by plaintiff with the Court must be served on defendant's

17  counsel by mailing a true copy of the document to defendant's counsel.  The Court may

18  disregard any document which a party files but fails to send a copy of to his opponent.  Until

19  a defendant's counsel has been designated, plaintiff may mail a true copy of the document

20  directly to defendant, but once a defendant is represented by counsel, all documents must be

21  mailed to counsel rather than directly to that defendant.

22     6.     Discovery may be taken in accordance with the Federal Rules of Civil

23  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

24  Rule 16 is required before the parties may conduct discovery.

25     7.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep

26  the Court informed of any change of address and must comply with the Court's orders in a

27  timely fashion.  Failure to do so may result in the dismissal of this action for failure to

28

prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.       Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: February 27, 2013

_____
JON S. TIGAR
United States District Judge

United States District Court
For the Northern District of California

4