UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO BRAVO PEDROZA,<br><br>   Plaintiff,<br><br>   v.<br><br>OFFICER PHAM,<br><br>   Defendant. | Case No.  12-cv-01341-JST (PR)<br><br>**ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

On March 16, 2012, plaintiff, a California state prisoner currently incarcerated at Pleasant Valley State Prison and proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The claims in the complaint arise out of events that occurred on August 17, 2007, when plaintiff was detained by the San Jose Police Department. Specifically, plaintiff alleges that, while he was being booked into jail, defendant San Jose Police Officer Pham drew blood from plaintiff's arm without plaintiff's consent. The Court found cognizable a claim for violation of the Fourth Amendment's protection against unreasonable searches and seizures.

Before the Court is defendant's second motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), on the ground that plaintiff did not file his claim within the statute of limitations.[1] Plaintiff has filed an opposition, and defendant has filed a reply. For the reasons below, defendant's motion is GRANTED.

---

[1] Defendant filed a prior motion to dismiss on statute of limitations grounds, which the Court denied without prejudice on December 2, 2013.

**DISCUSSION**

**A.    Standard of Review**

Dismissal is proper where the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Review is limited to the contents of the complaint, including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may consider facts of which it may take judicial notice pursuant to Rule 201(b) of the Federal Rules of Evidence. Id. at 688-89. Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

**B.    Background**

In connection with the instant motion, the Court limits itself to consideration of the following facts, which, as noted below, are either alleged in the complaint or judicially noticeable.[2]

In his complaint, plaintiff alleges that on August 17, 2007, defendant drew blood from plaintiff's arm without plaintiff's consent when he was being booked into jail. (Compl. at 3.)

---

[2] Good cause appearing, and no objection having been filed thereto, defendant's Request for Judicial Notice (Dkt. No. 28), is GRANTED.

1  Plaintiff alleges that he objected to his blood being taken.  (Id.)

2  Plaintiff was arrested for first degree burglary, and the Santa Clara County District
3  Attorney filed charges against plaintiff on September 13, 2007.  (Request for Judicial Notice
4  ("RJN") Ex. 1.)  Plaintiff pled to the charges and was sentenced on November 14, 2008.  (Id. Exs.
5  2, 3.)

6  Plaintiff filed this action in 2012.  The complaint has a signature date of March 6, 2012 and
7  was stamped "filed" at the Court on March 16, 2012.  As a pro se prisoner, plaintiff receives the
8  benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives
9  them to prison officials to mail to the court.  See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th
10  Cir. 2003).  The Court will assume he gave the complaint to prison officials for mailing on the
11  date he signed it, i.e., March 6, 2012, and deem the action filed as of that date.

12  **C.   Analysis**

13  As noted, defendant argues plaintiff's claim is time-barred because the complaint was not
14  filed in compliance with the applicable statute of limitations.  Section 1983 contains no statute of
15  limitations.  Federal courts apply the state's personal injury statute of limitations, subject to any
16  state tolling provisions that are not inconsistent with federal law.  Wallace v. Kato, 549 U.S. 384,
17  387 (2007); Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002).  Since January 1, 2003, the
18  California statute of limitations for personal injury actions is two years.  Cal. Code Civ. Proc.
19  § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).

20  **1.   Accrual of Claim**

21  The statute of limitations commences on the date when the underlying cause of action
22  accrues.  "Although state law determines the length of the limitations period, 'federal law
23  determines when a civil rights claim accrues.' "  Azer, 306 F.3d 936 (quoting Morales v. City of
24  Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)).  Under federal law, a claim accrues when
25  the plaintiff knows or has reason to know of the injury that forms the basis of the action.  See
26  TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999).

27  Here, the injury that forms the basis of the instant action is Officer Pham's alleged seizure
28  of plaintiff's blood without plaintiff's consent on August 17, 2007.  Because plaintiff knew of said

3

injury on August 17, 2007, such date is the date on which his claim accrued. Consequently, absent tolling, plaintiff was required to file his original complaint in this action no later than August 17, 2009. As noted above, plaintiff filed his complaint on March 16, 2012 – more than two years later.

### 2.     Statutory Tolling

A federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989). As relevant to the instant case, two statutory provisions may serve to toll the limitations period for, respectively, the time criminal charges are pending and the time of imprisonment. See Cal. Code Civ. Proc. §§ 945.3, 352.1. The statute of limitations begins to run immediately after the recognized disability period ends. See Cabrera v. City of Huntington Park, 159 F.3d 374, 378-89 (9th Cir. 1998) (applying California law).

The first of the two tolling provisions, § 945.3 of the California Government Code, provides:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a justice, municipal or superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a municipal or superior court.

Cal. Gov't Code § 945.3 (emphasis added). Although the first paragraph, barring the filing of an action, is not applicable to claims brought in federal court pursuant to § 1983, the second paragraph's tolling provision does apply. See Harding v. Galceran, 889 F.2d 906, 908 (9th Cir. 1989). The tolling provision, however, operates only for the period that the criminal charges are "pending," i.e., until the date of judgment. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

Plaintiff was arrested on August 17, 2007 for attempted first degree burglary, and defendant booked him into county jail in connection with the crime. The Santa Clara County

4

District Attorney filed charges against plaintiff on September 13, 2007.  (RJN Ex. 1.)  Plaintiff pled to these charges and was sentenced on November 11, 2008.  (Id. Exs. 2, 3.)  Thus, in the instant case, charges were pending against plaintiff for a period of 425 days.  Consequently, under Cal. Gov't Code § 945.3, plaintiff had until Monday, October 18, 2010 to file his complaint.

The second of the two tolling provisions, California Civil Procedure Code § 352.1, recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life."  See Cal. Code Civ. Proc. § 352.1(a).  Such tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years.  See id.

Plaintiff states in his opposition that he "has remained incarcerated since [his] August 17, 2007 arrest."  (Opp. at 3.)  Defendant does not dispute this statement for purposes of the instant motion.  Consequently, under Cal. Code Civ. Proc. § 352.1(a), plaintiff is entitled to two years of tolling, giving him until August 17, 2011 to file his complaint.

Separate disabilities, each worthy of tolling, occurring simultaneously cannot be tacked together to toll the statute of limitations.  Rose v. Petaluma & Santa Rosa Ry. Co., 64 Cal. App. 213, 217 (1923) ("[I]t is a settled rule of construction that the exemption period cannot be extended by the connection of one disability with another; in other words, a succession of disabilities cannot be tacked upon the first disability so as to prevent the operation of the statute.") disapproved on other grounds in Harris v. Industrial Accident Comm'n of Cal., 204 Cal. 432, 438 (1928).  A number of courts have followed Rose and declined to tack disabilities.  See Givens v. City and County of San Francisco, 2012 WL 929661, *6-7 (N.D. Cal. 2012) (refusing to allow tolling to occur for five days under § 352.1, then be interrupted by § 945.3 tolling, and then resume again under § 352 .1); Smith v. Kouri, 2011 WL 2790191, *2 (C.D. Cal. 2011) (refusing to allow tolling for both minority and later incarceration for a plaintiff who was attacked while a minor, and whose imprisonment started a few months later while he was still a minor); Gutierrez v. Butler, 2008 WL 436948, *3 (E.D. Cal. 2008) (refusing to extend the limitations period for the four months during which the incarcerated prisoner was exhausting administrative remedies

because that period "was subsumed by the longer, two-year statutorily-created disability for his imprisonment"); Gamba v. Woodford, 2007 WL 2481746, *2-3 (E.D. Cal. 2007) (plaintiff cannot tack together his intermittent periods of insanity and instead must show he was continuously insane); Funtanilla v. Rubles, 2003 WL 21309491, *6 (N.D. Cal. 2003) (plaintiff cannot tack together his intermittent periods of insanity).

Here, the limitations period was already being tolled under § 352.1 during the same time that § 945.3 would have tolled it. In sum, plaintiff cannot double-count the disabilities of imprisonment and pending charges. On any day on which one or more tolling events was present, he receives only a one-day delay of the deadline. Consequently, he is entitled to a maximum of two years of tolling. Plaintiff thus had until August 17, 2011 to file his complaint. As the complaint in this action was not filed until March 6, 2012, over six months later, it is untimely.

Plaintiff's only argument in opposition is that the state court entered an amended abstract of judgment on April 14, 2010. The Court understands plaintiff to be arguing that April 14, 2010 should be used as the end date for calculating how long charges were pending against him for purposes of tolling under § 945.3.

The amended abstract of judgment does not affect the Court's tolling analysis. In California criminal cases, judgment is rendered when the trial court orally pronounces sentence. People v. Scott, 203 Cal. App. 4th 1303, 1324 (2012) (citing People v. Mesa, 14 Cal. 3d 466, 471 (1975)). Afterwards, the court clerk must enter the judgment in the minutes and prepare an abstract of judgment to give to the officer who is to execute the judgment. Cal. Penal Code §§ 1207, 1213, 1213.5. "[The abstract of judgment] may serve as the order committing defendant to prison, and is 'the process and authority for carrying the judgment and sentence into effect.' [citations.]" People v. Delgado, 43 Cal. 4th 1059, 1070 (2008). "[It] is a contemporaneous, statutorily sanctioned, officially prepared clerical *record* of the conviction and sentence." Id. (emphasis in original). "When prepared by the court clerk, at or near the time of judgment, as part of his or her official duty, the abstract of judgment is cloaked with a presumption of regularity and reliability." Id. But, the abstract of judgment "is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict." Id.

6

Defendant offered the November 17, 2008 abstract of judgment as a public record of the trial court's pronouncement of plaintiff's sentence on November 14, 2008.  (See RJN, Ex. 3.)  In his opposition, plaintiff references an amended abstract of judgment dated April 14, 2010.  It appears that the trial court generated this document as a result of plaintiff's appeal to the California Court of Appeal.  See People v. Bravopedroza, 2009 WL 4548383 (Cal. Ct. App. Dec. 7, 2009).  On December 7, 2009, the Sixth District Court of Appeal affirmed the trial court's judgment, but held that the trial court erred when it calculated plaintiff's custodial credits and remanded the case for modification of his sentence.  See id.

The modification of plaintiff's sentence, however, does not change the Court's tolling analysis under § 945.3.  This section states that "charges pending before a superior court do not include appeals . . . ."  Because "pending" is specifically defined to exclude the appeals period, any appellate decision modifying a judgment after sentencing would not change the date of judgment for the purposes of § 945.3 tolling.  McAlpine v. Superior Court, 209 Cal. App. 3d 1, 7 (1989.)  As such, November 14, 2008 is the end date for calculating how long charges were pending against plaintiff for purposes of tolling under § 945.3.

Accordingly, the Court finds the action is not rendered timely on the basis of statutory tolling.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the action as untimely is GRANTED.

The Clerk shall enter judgment and close the file.

This order terminates Docket Number 31.

**IT IS SO ORDERED.**

Dated:  April 9, 2014

_____
JON S. TIGAR
United States District Judge

7